DAVID A. ROSEN, Esq. (SBN: 101287)
KEVIN P. SMITH, Esq. (SBN: 252580)
**ROSE KLEIN & MARIAS LLP**
801 S. Grand Ave., 11ᵗʰ Floor
Los Angeles, CA 90017
Phone No.: 213-626-0571
Fax No.: 213-623-7755

KEVIN MAHONEY, Esq. (SBN: 235367)
CHRISTOPHER L. BURROWS, Esq. (SBN: 222301)
**MAHONEY & BURROWS, LLP**
249 E. Ocean Boulevard, Suite 814
Long Beach, CA 90802
Phone No.: 562.590.5550
Fax No.:    562.590.8400

GREGORY STAMOS, Esq. (SBN: 51635)
**ROSE KLEIN & MARIAS LLP**
401 E. Ocean Boulevard, Suite 300
Long Beach, CA 90802
Phone No.: 562-436-4696
Fax No.: 562-436-6157

Attorneys for Plaintiff HARVEY HOLT, as individual
and on behalf of all similarly situated employees

### IN THE UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA



CV10-09540 VBF (PJWx)

| | |
|---|---|
| HARVEY HOLT, as an individual and on behalf of all similarly situated employees,<br><br>        Plaintiff,<br><br>    v.<br><br>PARSEC, INC., and DOES 1 through 10, inclusive<br><br>        Defendants. | Case No.:<br><br>CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION<br><br>1. VIOLATION OF WARN ACT (29 U.S.C § 2101 et seq.)<br>2. VIOLATION OF CALIFORNIA WARN ACT (Cal. Labor Code § 1400 et seq.)<br>3. BREACH OF CONTRACT AS TO CALIFORNIA SEVERANCE CLASS<br>4. PROMISSORY ESTOPPEL AS TO THE CALIFORNIA SEVERANCE CLASS<br>5. WAITING TIME PENALTIES (Cal. Labor Code §§ 201-203)<br>6. UNFAIR BUSINESS PRACTICES (Cal. Bus. Prof. Code § 17200 et seq.)<br><br>DEMAND FOR JURY TRIAL |

- 1 -

PLAINTIFF'S CLASS ACTION COMPLAINT

## I.

## PRELIMINARY STATEMENT

1.     This case arises out of the massive layoffs implemented by PARSEC, INC. ("PARSEC" or "Defendant(s)"), an international terminal management services company, which was founded in 1949. Plaintiff and proposed class members are employees who seek wages that Defendants have failed and/or refused to pay following the abrupt layoff/termination of their employment.

2.     Through this action, Plaintiff and other similarly situated employees of Defendants seeks recovery of damages in the amount of sixty (60) days pay by reason of Defendants' violation of Plaintiff's rights under the Worker Adjustment and Retraining Act, 29 U.S.C § 2101 et seq. (the "WARN Act") and the California WARN Act, Cal. Labor Code § 1400 et seq. (the "California WARN Act"). Plaintiff was an employee of Defendants and was terminated as part of, or as a result of, mass layoffs and/or plant closings ordered by Defendants. Defendants violated federal law and state law by failing to give Plaintiff and other similarly situated employees of the Defendants sixty (60) days notice as required by State and Federal law.

3.     Plaintiff and other similarly situated employees also seek recovery of unpaid wages, including severance pay and waiting time penalties in the State of California, as a result of Defendants' failure to pay employees all wages, including vacation time, due and owing at the time of their layoff and/or termination.

## II.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under the WARN Act, 29 U.S.C. § 2101 et seq.

5.     This Court has jurisdiction over Plaintiff's state law claims under 29 U.S.C. § 1332(d) (the "Class Action Fairness Act"). Plaintiff brings this case as a

- 2 –

PLAINTIFF'S CLASS ACTION COMPLAINT

class action, at least one Plaintiff is a citizen of a different state than at least one Defendant, and the amount in controversy exceeds $5,000,000.

6.    This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.    Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391, because PARSEC, INC. resided within this district, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## III.

## THE PARTIES

**A.    The Plaintiff**

8.    Individual and Representative Plaintiff Harvey Holt is an individual residing in Compton, California (Los Angeles County).

9.    Plaintiff was employed by the Defendants from approximately March 1, 2007, through March 1, 2009, as a Driver at PARSEC'S Hobart location, located in the County of Los Angeles.

**B.    The Defendants**

10.    Plaintiff is informed and believes, and based thereon alleges, that PARSEC, INC. is a foreign corporation organized under the laws of the State of Ohio and is and/or was the employer of the Plaintiff and Plaintiff's Class during the Class Period.

11.    Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief allege that said Defendants are legally responsible for the occurrences herein alleged, and that the damages of Plaintiff and the putative class members herein alleged were proximately caused by such Defendants. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

12.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship.  Plaintiff is further informed and believes that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

13.    Plaintiff is further informed and believes, and based thereon alleges, that Defendants herein acted as a "single employer" at all relevant times for the purposes of the WARN Act.  At all relevant times, Defendants maintained facilities across the country that qualified for protection under the WARN Act. (Collectively the "Facilities") Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14.    On or about March 1, 2009, PARSEC announced that it would be implementing a layoff.  On that day it informed some employees that their final day would be March 1, 2009.

15.    Upon information and belief, on March 1, 2009, Defendants implemented a mass layoff of over 600 employees.  On March 2010, Defendants confirmed that the laid off employees would not be returned to work.

16.    PARSEC maintains a severance pay policy that applies to most of its California employees.  Through that severance pay policy, employees accrue severance pay as they work for PARSEC.

17.    PARSEC'S severance pay policy provides that employees who are terminated will receive a severance payout of all accrued severance on their last day of employment with PARSEC.

-4-

18. Starting on or about March 1, 2009, PARSEC ceased paying employees their severance pay at the time of layoff and/or termination. Upon information and belief, PARSEC has not paid severance pay to employees whose employment ended on or about March 1, 2009.

19. Plaintiff Holt had severance pay available to him when he was involuntarily laid off on March 1, 2009. PARSEC has not paid him his severance pay.

## CLASS ALLEGATIONS UNDER 29 U.S.C § 2104 (WARN ACT)

20. Plaintiff, and those he seeks to represent herein, were discharged without cause on their part on or about March 1, 2009, or within thirty (30) days of that date, as the reasonable and foreseeable consequence of the mass layoff or plant closing ordered by Defendants, and are "affected employees" within the meaning of 29 U.S.C §2101 (a)(5).

21. Plaintiff brings this action on his own behalf, pursuant to the WARN Act, and on behalf of all other similarly situated former employees of Defendants who were terminated or laid off on or about March 1, 2009, or within thirty (30) days of that date, and thereafter worked at one of the facilities until their termination.

22. During the thirty (30) days starting March 1, 2009, Defendants terminated Plaintiff's employment as part of a mass layoff and/or plant closing as defined by 29 U.S.C § 2101 (a)(2), (3) for which they were entitled to receive sixty (60) days advance written notice under the WARN Act.

23. Defendants as an employer, did not give Plaintiff the statutorily required sixty (60) days notice of the mass layoff or termination in violation of the WARN Act.

24. Upon information and belief, at or about the time that Plaintiff was discharged, on or about March 1, 2009, Defendants discharged hundreds of other employees at their facilities (the "other similarly situated former employees").

- 5 -

PLAINTIFF'S CLASS ACTION COMPLAINT

25.    Pursuant to 29 U.S.C. §2104 (a)(5), Plaintiff maintains this claim on behalf of himself and each of the other similarly situated former employees.

26.    Each of the other similarly situated former employees are similarly situated to Plaintiff in respect to his or her rights under the WARN Act, in that *inter alia*:

a.    Plaintiff and the other similarly situated former employees were discharged by Defendants without cause on their part.

b.    Plaintiff and the other similarly situated former employees are "affected employee(s)" within the meaning of the WARN Act 29 U.S.C. § 2101(a)(5).

c.    Defendants were required by the WARN Act to give Plaintiff and other similarly situated former employees at least sixty (60) days advance written notice of their respective layoff and/or terminations.

d.    Prior to their termination, neither Plaintiff nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act.

e.    Defendants failed to pay Plaintiff and the other similarly situated former employees their respective wages, salary and accrued severance pay for sixty (60) days following notice of their terminations from and after notice of their respective layoff and/or termination.

## CALIFORNIA WARN ACT ALLEGATIONS

27.    Plaintiff Holt and others similarly situated were employed at Defendants' facilities in California until their employment was ended in violation of Cal. Lab. Code § 1400, et seq., within thirty (30) days of March 1, 2009.

///

///

-6-

PLAINTIFF'S CLASS ACTION COMPLAINT

28.    Plaintiff Holt and others similarly situated were employees of Defendants, and Defendants was their employer, as those terms are defined under Cal. Lab. Code § 1400.

29.    Defendants operated facilities in California that were "covered establishment(s)," as that term is defined under Cal. Lab. Code § 1400, because they employed seventy (75) or more persons in certain facilities in the 12 months preceding March 1, 2009.

30.    Plaintiff Holt and others similarly situated were subjected to a "mass layoff," "relocation," or "terminations," as those terms are defined under Cal. Lab. Code § 1400, within thirty (30) days of March 1, 2009.

31.    Defendants failed to provide Plaintiff Holt and those similarly situated with the proper notice required by Cal. Lab. Code § 1401 prior to the mass layoff, relocation, or termination.

32.    Defendants failed to provide Holt and those similarly situated with sixty (60) days wages and benefits as required by Cal. Lab. Code § 1402.

## WARN ACT CLASS ALLEGATIONS UNDER RULE 23

33.    Plaintiff sues under Rules 23(a), (b)(1) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Proposed WARN Classes:

**WARN Class:**    All employees who worked at or reported to one of Defendants' facilities and were terminated without cause in the thirty (30) days starting March 1, 2009, or were terminated and/or laid off without cause as the reasonable and foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about March 1, 2009, and who are affected employees, within the meaning of 29 U.S.C §2101 (a)(5).

**CA WARN Class:**    All employees who worked at or reported to one of Defendants' qualifying facilities in California and

-7-

who were subject to a mass layoff, relocation, or termination ordered by Defendants on or after March 1, 2009.

34.    Numerosity:  The Proposed Classes are so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that hundreds of people satisfy the definition of the Proposed Classes.

35.    Typicality:  The Plaintiffs' claims are typical of the members of the Proposed Classes.  Plaintiffs, and proposed class members, were involuntarily laid off and/or terminated by Defendants without proper notice under the WARN Act.

36.    Superiority:  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, especially in the context of WARN Act litigation, which necessarily involves a single decision or set of decisions that affects the rights of hundreds of employees.

37.    Adequacy:  Plaintiff will fairly and adequately protect the interests of the proposed class, and have retained counsel experienced in representing employees in complex class litigation.

38.    Commonality:  Common questions of law and fact exist to all members of the proposed class and predominate over any questions solely affecting individual members of the proposed class, including but not limited to:

a.    Whether Defendants were an employer under the WARN Act and/or the CA WARN Act;

b.    Whether all class members were protected under the WARN Act and/or the CA WARN Act;

c.    Whether Defendants gave at least sixty (60) days advance written notice to the class members, as required by the WARN Act and/or the CA WARN Act;

///

///

- 8 -

PLAINTIFF'S CLASS ACTION COMPLAINT

      d.    Whether Defendants failed to pay class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

39. This case is maintainable as a class action under Fed. R. Civ. Proc. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

40. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Litigation of these claims in one forum is efficient, especially in the context of WARN Act litigation, which necessarily involves a single decision or set of decisions that affects the rights of hundreds of employees. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgment about Defendants' practices.

41. Plaintiff intends to send notice to all members of the proposed class to the extent required by Rule 23. The names and address of the proposed class are available from Defendants.

## SEVERANCE PAY CLASS ALLEGATIONS

42. Plaintiff sue under Rules 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Proposed Severance Pay Class:

**California Severance Pay Class:** All former employees of Defendants in the State of California whose employment with

-9-

Defendants ended on or after March 1, 2009, through the trial of this case, and who had accrued severance pay but was not paid severance at the time of termination.

43. Additionally and in the alternative, Plaintiff sues under Cal. Bus. Prof. Code § 17200. et. seq., on behalf of the following group of similarly situated individuals:

**17200:** All employees statewide whose employment with Defendants ended on or after March 1, 2009, through the trial of this case, and who had accrued severance pay but was not paid severance at the time of termination.

44. Numerosity: The proposed classes are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that hundreds of people satisfy the definition of the proposed classes.

45. Typicality: The Plaintiff's claims are typical of the members of the proposed classes. Plaintiff is informed and believes that PARSEC uniformly failed to pay accrued severance to individuals whose employment with PARSEC ended on or after March 1, 2009.

46. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy here, where Defendants has failed to pay wages to hundreds of employees due to Defendants' mass layoffs.

47. Commonality: Common questions of law and fact exist to all members of the proposed class and predominate over any questions solely affecting individual members of the proposed class, including but not limited to:

 a. Whether Defendants maintained a policy of providing severance pay to class members;

///

- 10 —

PLAINTIFF'S CLASS ACTION COMPLAINT

b.    Whether Defendants' severance pay policy required that Defendants pay class members for their accrued severance pay at the time of termination;

c.    Whether Defendants uniformly and unlawfully failed to pay vacation time to class members;

d.    Whether Plaintiff and proposed class members who worked in California are entitled to waiting time penalties pursuant to Cal. Lab. Code § 203.

e.    Whether Defendants' conduct violated the California Unfair Practices Act, set forth in the Business and Professions Code § 17200. *et. seq.*, by violating state and federal laws set forth herein; and

f.    The proper measure of damages sustained by the proposed class.

48.    This case is maintainable as a class action under Fed. R. Civ. Proc. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.  Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

49.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Litigation of these claims in one forum is efficient, especially in the context of WARN Act litigation, which necessarily involves a single decision or set of decisions that affects the rights of hundreds of

PLAINTIFF'S CLASS ACTION COMPLAINT

employees. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgment about Defendants' practices.

50. Plaintiff intends to send notice to all members of the proposed class to the extent required by Rule 23. The names and address of the proposed class are available from Defendants.

## FIRST CLAIM FOR RELIEF

### (Violation of the WARN Act)

51. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

52. At all relevant times, the Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

53. At all relevant times, each of the Defendants were "employers" as that term is defined under 29 U.S.C § 2101(a)(1) and 20 C.F.R § 639(a) and continued to operate as a business until determining to order a mass layoff and/or plant closing at its facilities.

54. The Defendants constituted a "single employer" of Plaintiff and WARN class members under the WARN Act.

55. On or about March, 1, 2009, the Defendants ordered a "mass layoff" and/or plant closing of the facilities, as that term is defined under 29 U.S.C § 2101(a)(2).

56. The mass layoff and/or plant closing at the facilities resulted in "employment losses," as that terms is defined under 29 U.S.C § 2101(a)(2), fore at least fifty (50) of Defendants' employees as well as 33% of Defendants' workforce at each of the facilities, excluding part-time employees as that term is defined under 29 U.S.C § 2101(a)(8).

///

PLAINTIFF'S CLASS ACTION COMPLAINT

57.    Plaintiff and each of the members of the WARN class were laid off and/or discharged by Defendants without cause on their part, as part of or as the reasonable foreseeable result of the mass layoff and/or plant closing ordered by Defendants at their facilities.

58.    Plaintiff and the members of the WARN class are "affected employees" of Defendants within the meaning of 29 U.S.C § 2101(a)(5).

59.    Defendants failed to give Plaintiff and members of the WARN class written notice that complied with the requirements of the WARN Act.

60.    Plaintiff and each of the members of the WARN class are "aggrieved employees" of Defendants as that term is defined under 29 U.S.C § 2104(a)(7).

61.    Defendants failed to pay Plaintiff and members of the WARN class their respective wages, salary and accrued severance pay for the sixty (60) days following notice of their layoff and/or termination.  Defendants are also liable to Plaintiff for his reasonable attorneys fees under 29 U.S.C § 2104.

## SECOND CLAIM FOR RELIEF

### (Violation of California WARN Act-Cal. Lab. Code §1400 et. seq.)

62.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

63.    In the twelve (12) months proceeding March 1, 2009, Defendants operated facilities in California in which they employed seventy five (75) or more persons.

64.    Defendants' actions, as described above and as they occurred at Defendants' qualifying facilities in California constituted a "mass layoff," "relocation," or "termination," without proper notice, in violations of the California WARN Act, Cal. Lab. Code § 1400 et seq.

65.    Defendants are therefore liable to Plaintiff Holt and the California WARN class for back pay and benefits for sixty (60) days, as outlined in Cal. Lab. Code § 1402, as well as attorneys' fees under Cal. Lab. Code § 1404.

- 13 –

## THIRD CLAIM FOR RELIEF

### (Breach of Contract as To California Severance Pay)

66. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

67. A contract, oral and written, express and implied, existed between members of the California severance pay class, including Plaintiff Holt.

68. By that contract, Defendants were required to pay employees all accrued severance pay at the termination of employment.

69. Defendants violated that contract by failing to pay severance pay to Plaintiff Holt and members of the California severance pay class.

70. As a result of the Defendants' breach of contract, Plaintiff Holt and the California severance pay class members have suffered damages in the amount of their accrued but unpaid severance pay, to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### (Promissory Estoppel as To California Severance Pay)

71. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

72. Through its policy to pay accrued severance at the time of an employees termination, PARSEC, promised that said accrued severance would be paid upon an employee's termination.

73. Defendants breached this promise when it refused to pay accrued severance to the hundreds of employees it terminated on March 1, 2009.

74. Defendants reasonably expected to induce Plaintiff and the California Severance Pay Class Members, and did induce Plaintiff and the California Severance Pay Class Members, to rely on promises relating to the payment of accrued severance pay.

75. Plaintiff and the California Severance Pay Class Members reasonably relied to their detriment on promises and representations made to them by

- 14 –

PLAINTIFF'S CLASS ACTION COMPLAINT

Defendants relating to the payment of accrued severance pay. Prior to March 1, 2009, Defendants had not given Plaintiff and the California Severance Pay Class Members any warning or indication that the accrued severance would not be paid upon an employee's termination.

76. In relying on PARSEC'S promise to pay accrued severance at the time of termination, Plaintiff and the California Severance Pay Class Members did not make sufficient financial preparations to cope financially with a sudden and immediate termination.

77. As a result, Plaintiff and the California Severance Pay Class Members are entitled to an award of equity in the amount of their accrued severance, to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (Waiting Time Penalties Under Cal. Lab. Code §§ 201, 202, and 203)

78. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

79. California WARN class and California Severance Pay class members have been terminated from their positions with Defendants. Defendants, however, willfully failed to pay such class members all wages owed them, including severance pay within the time limits set forth in California Lab. Code §§ 201, and 202.

80. Under California Lab. Code §§ 201, 202 and 203, class members are entitled to waiting time penalties for Defendants' willful failure to timely pay all wages owed upon separation of their employment.

## SIXTH CLAIM FOR RELIEF
### (Unfair Practices Under California Unfair Competition Act)

81. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

- 15 –

PLAINTIFF'S CLASS ACTION COMPLAINT

82.     Section 17200 of the California Business and Professions Code-California's Unfair Competition law, prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.  The foregoing conduct by Defendants, as alleged, constitutes unlawful business practices in violation of section 17200, *et seq.*

83.     Pursuant to Bus. & Prof. Code § 17200 *et seq.*, Plaintiff and 17200 class members are entitled to restitution of the severance pay and other unpaid wages and premiums alleged herein that Defendants have improperly withheld, a permanent injunction requiring Defendants to pay severance pay to all workers as defined herein, an award of attorneys' fees pursuant to Code of Civ. Proc. § 1021.5 and other applicable law, and costs.

## PRAYER FOR RELIEF

84.     WHEREFORE, Plaintiff on behalf of himself and all members of the proposed class, pray for relief as follows:

A.     That the Court determines this action may be maintained as a class action under Federal Rule of Civil Procedure 23;

B.     That Defendants are found to have violated the provisions of WARN Act as to the Plaintiff and the Class;

C.     That Defendants are found to have violated the provisions of the California WARN Act as to Plaintiff and the class;

D.     That Defendants are found to have breached a contract with the California class severance pay members by failing to pay severance pay at the time of termination;

E.     For an award of damages, or in equity, in the amount of unpaid severance owed to members of the California class;

F.     That Defendants are found to have violated §§ 201, 202, and 203 of the California Labor Code for willful failure to pay all

-16-

compensation owed at the time of separation to Plaintiff and the class;

G. An award to Plaintiff and the class for the amount of all unpaid wages and compensation owed, including interest thereon, and penalties subject to proof at trial;

H. That Defendants be ordered and enjoined to pay restitution to Plaintiff and the 17200 class due to Defendants' unlawful activities, pursuant to California Business and Professions Code § 17200;

I. That Defendants further be enjoined to cease and desist from unlawful activities in violation of California Business and Professions Code § 17200;

J. An award of reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, Cal. Lab. Code § 1404, U.S.C. § 2104, and/or any other applicable law;

K. For leave to amend this complaint to add additional state law claims, should it be necessary; and

L. For such other further relief, in law or equity, as this Court may deem appropriate and just.

///
///
///
///
///
///
///
///

- 17 -

## DEMAND FOR JURY TRIAL

85.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment of the United States Constitution, Plaintiff as an individual and on behalf of all others similarly situated, demand a trial by jury.


Dated: December 6, 2010                    ROSE KLEIN & MARIAS, LLP


                                 By:   _____

                                       KEVIN P. SMITH, ESQ.
                                       Attorney for Plaintiff HARVEY
                                       HOLT and on behalf of all employees
                                       similarly situated

– 18 –

PLAINTIFF'S CLASS ACTION COMPLAINT

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself □)
HARVEY HOLT, as an individual and on behalf of all similarly situated employees.

**DEFENDANTS**
PARSEC, INC. and DOES 1 through 10, INCLUSIVE.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

SEE attached Caption Sheet

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff

□ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  □ No          □ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
□ 400 State Reapportionment
□ 410 Antitrust
□ 430 Banks and Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation
□ 470 Racketeer Influenced and Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Sat TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 890 Other Statutory Actions
□ 891 Agricultural Act
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 895 Freedom of Info. Act
□ 900 Appeal of Fee Determination Under Equal Access to Justice
□ 950 Constitutionality of State Statutes

**CONTRACT**
□ 110 Insurance
□ 120 Marine
□ 130 Miller Act
□ 140 Negotiable Instrument
□ 150 Recovery of Overpayment & Enforcement of Judgment
□ 151 Medicare Act
□ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
□ 153 Recovery of Overpayment of Veteran's Benefits
□ 160 Stockholders' Suits
□ 190 Other Contract
□ 195 Contract Product Liability
□ 196 Franchise

**REAL PROPERTY**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Fed. Employers' Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Personal Injury- Med Malpractice
□ 365 Personal Injury- Product Liability
□ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
□ 462 Naturalization Application
□ 463 Habeas Corpus- Alien Detainee
□ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**BANKRUPTCY**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
□ 441 Voting
□ 442 Employment
□ 443 Housing/Accommodations
□ 444 Welfare
□ 445 American with Disabilities - Employment
□ 446 American with Disabilities - Other
□ 440 Other Civil Rights

**PRISONER PETITIONS**
□ 510 Motions to Vacate Sentence Habeas Corpus
□ 530 General
□ 535 Death Penalty
□ 540 Mandamus/ Other
□ 550 Civil Rights
□ 555 Prison Condition

**FORFEITURE / PENALTY**
□ 610 Agriculture
□ 620 Other Food & Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 R.R. & Truck
□ 650 Airline Regs
□ 660 Occupational Safety /Health
□ 690 Other

**LABOR**
□ 710 Fair Labor Standards Act
□ 720 Labor/Mgmt. Relations
□ 730 Labor/Mgmt. Reporting & Disclosure Act
□ 740 Railway Labor Act
☒ 790 Other Labor Litigation
□ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**SOCIAL SECURITY**
□ 861 HIA (1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g))
□ 864 SSID Title XVI
□ 865 RSI (405(g))

**FEDERAL TAX SUITS**
□ 870 Taxes (U.S. Plaintiff or Defendant)
□ 871 IRS-Third Party 26 USC 7609

---

# CV10·09540

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                         ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                         ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                         ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | HAMILTON, OHIO |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date December 9, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

DAVID A. ROSEN, Esq. (SBN: 101287)
KEVIN P. SMITH, Esq. (SBN: 252580)
**ROSE KLEIN & MARIAS LLP**
801 S. Grand Ave., 11th Floor
Los Angeles, CA 90017
Phone No.: 213-626-0571
Fax No.: 213-623-7755

KEVIN MAHONEY, Esq. (SBN: 235367)
CHRISTOPHER L. BURROWS, Esq. (SBN: 222301)
**MAHONEY & BURROWS, LLP**
249 E. Ocean Boulevard, Suite 814
Long Beach, CA 90802
Phone No.: 562.590.5550
Fax No.: 562.590.8400

GREGORY STAMOS, Esq. (SBN: 51635)
**ROSE KLEIN & MARIAS LLP**
401 E. Ocean Boulevard, Suite 300
Long Beach, CA 90802
Phone No.: 562-436-4696
Fax No.: 562-436-6157

Attorneys for Plaintiff HARVEY HOLT, as individual
and on behalf of all similarly situated employees

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY HOLT, as an individual and on behalf of all similarly situated employees, <br><br> Plaintiff, <br><br> v. <br><br> PARSEC, INC., and DOES 1 through 10, inclusive <br><br> Defendants. | Case No.: <br><br> CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION <br><br> 1. VIOLATION OF WARN ACT (29 U.S.C § 2101 et seq.) <br> 2. VIOLATION OF CALIFORNIA WARN ACT (Cal. Labor Code § 1400 et seq.) <br> 3. BREACH OF CONTRACT AS TO CALIFORNIA SEVERANCE CLASS <br> 4. PROMISSORY ESTOPPEL AS TO THE CALIFORNIA SEVERANCE CLASS <br> 5. WAITING TIME PENALTIES (Cal. Labor Code §§ 201-203) <br> 6. UNFAIR BUSINESS PRACTICES (Cal. Bus. Prof. Code § 17200 et seq.) <br><br> DEMAND FOR JURY TRIAL |

– 1 –

PLAINTIFF'S CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV10- 9540 VBF (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address: ROSE, KLEIN & MARIAS LLP
David A. Rosen, Esq. (SBN 101287)
Kevin P. Smith, Esq. (SBN 252580)
801 South Grand Avenue, 11th Floor
Los Angeles, CA  90017
Tel:  (213) 626-0571 - Fax:  (213) 623-7755

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY HOLT, as an indiidual and on behalfof all similarly situated employees,<br><br>PLAINTIFF(S)<br><br>v.<br><br>PARSEC, INC., and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10·09540**VBF (PJWx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __ROSE, KLEIN & MARIAS__, whose address is __801 South Grand Avenue, 11th Floor, Los Angeles, CA  90017__.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __DEC 1 3 2010__

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                          SUMMONS
ORIGINAL

DAVID A. ROSEN, Esq. (SBN: 101287)
KEVIN P. SMITH, Esq. (SBN: 252580)
**ROSE KLEIN & MARIAS LLP**
801 S. Grand Ave., 11th Floor
Los Angeles, CA 90017
Phone No.: 213-626-0571
Fax No.: 213-623-7755

KEVIN MAHONEY, Esq. (SBN: 235367)
CHRISTOPHER L. BURROWS, Esq. (SBN: 222301)
**MAHONEY & BURROWS, LLP**
249 E. Ocean Boulevard, Suite 814
Long Beach, CA 90802
Phone No.: 562.590.5550
Fax No.: 562.590.8400

GREGORY STAMOS, Esq. (SBN: 51635)
**ROSE KLEIN & MARIAS LLP**
401 E. Ocean Boulevard, Suite 300
Long Beach, CA 90802
Phone No.: 562-436-4696
Fax No.: 562-436-6157

Attorneys for Plaintiff HARVEY HOLT, as individual and on behalf of all similarly situated employees

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV10-09540 VBF (PJWx)

| | |
|---|---|
| HARVEY HOLT, as an individual and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>PARSEC, INC., and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.:<br><br>CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION<br><br>1. VIOLATION OF WARN ACT (29 U.S.C § 2101 et seq.)<br>2. VIOLATION OF CALIFORNIA WARN ACT (Cal. Labor Code § 1400 et seq.)<br>3. BREACH OF CONTRACT AS TO CALIFORNIA SEVERANCE CLASS<br>4. PROMISSORY ESTOPPEL AS TO THE CALIFORNIA SEVERANCE CLASS<br>5. WAITING TIME PENALTIES (Cal. Labor Code §§ 201-203)<br>6. UNFAIR BUSINESS PRACTICES (Cal. Bus. Prof. Code § 17200 et seq.)<br><br>DEMAND FOR JURY TRIAL |

- 1 –

PLAINTIFF'S CLASS ACTION COMPLAINT