DAVID A. ROSEN, Esq. (SBN: 101287)
KEVIN P. SMITH, Esq. (SBN: 252580)
**ROSE KLEIN & MARIAS LLP**
801 S. Grand Ave., 11th Floor
Los Angeles, CA 90017
Phone No.: 213-626-0571
Fax No.: 213-623-7755

KEVIN MAHONEY, Esq. (SBN: 235367)
CHRISTOPHER L. BURROWS, Esq. (SBN: 222301)
**MAHONEY & BURROWS, LLP**
249 E. Ocean Boulevard, Suite 814
Long Beach, CA 90802
Phone No.: 562.590.5550
Fax No.: 562.590.8400

GREGORY STAMOS, Esq. (SBN: 51635)
**ROSE KLEIN & MARIAS LLP**
401 E. Ocean Boulevard, Suite 300
Long Beach, CA 90802
Phone No.: 562-436-4696
Fax No.: 562-436-6157

Attorneys for Plaintiffs HARVEY HOLT, and DOUG HENDERSON
on behalf of themselves and on behalf of all similarly situated employees

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY HOLT, and DOUG HENDERSON on behalf of themselves and on behalf of all similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>PARSEC, INC.; PARSEC, INC. "WHICH WILL DO BUSINESS IN CALIFORNIA AS: OHIO PARSEC, INC."; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.: CV 10-9540-VBF (PJWx)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**<br><br>1. VIOLATION OF WARN ACT (29 U.S.C § 2101 et seq.)<br>2. VIOLATION OF CALIFORNIA WARN ACT (Cal. Labor Code § 1400 et seq.)<br>3. FAILURE TO PROVIDE MEAL PERIODS (Cal. Labor Code §§ 226.7 and 512)<br>4. FAILURE TO PROVIDE REST PERIODS (Cal. Labor Code §§ 226.7 and 512)<br>5. FAILURE TO PAY OVERTIME WAGES (Cal. Labor Code § 1194)<br>6. FAILURE TO KEEP ACCURATE PAYROLL RECORDS (Cal. Labor Code § 1174) |

- 1 –

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

7. BREACH OF CONTRACT AS TO CALIFORNIA SEVERANCE CLASS
8. PROMISSORY ESTOPPEL AS TO THE CALIFORNIA SEVERANCE CLASS
9. WAITING TIME PENALTIES (Cal. Labor Code §§ 201-203)
10. UNFAIR BUSINESS PRACTICES (Cal. Bus. Prof. Code § 17200 et seq.)
11. VIOLATION OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEY'S GENERAL ACT (Cal. Labor Code § 2698-2699)

DEMAND FOR JURY TRIAL

## I.

## PRELIMINARY STATEMENT

1. This case arises out of the massive layoffs implemented by PARSEC, INC. ("PARSEC" or "Defendant(s)"), an international terminal management services company headquartered in the State of Ohio, which was founded in 1949, and does business in the State of California as OHIO PARSEC, INC. (Also referred to herein as "PARSEC" or "Defendant(s)") Plaintiffs and proposed class members are employees who seek wages that Defendants have failed and/or refused to pay following the abrupt layoff/termination of their employment.

2. This case also arises out of the violation of numerous California Labor Code provisions, including but not limited to, Defendants' failure to provide meal periods, failure to provide rest periods, failure to pay overtime wages, failure to keep accurate payroll records, and failure to pay waiting time penalties as set forth more fully herein. These violations concern not only current and past employees of PARSEC, but also those affected by the massive layoff.

3. Through this action, Plaintiffs and other similarly situated employees of Defendants seeks recovery of damages in the amount of sixty (60) days pay by reason of Defendants' violation of Plaintiffs' rights under the Worker Adjustment

-2—

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

and Retraining Act, 29 U.S.C § 2101 et seq. (the "WARN Act") and the California WARN Act, Cal. Labor Code § 1400 et seq. (the "California WARN Act"). Plaintiffs were employees of Defendants and were terminated as part of, or as a result of, mass layoffs and/or plant closings ordered by Defendants. Defendants violated federal law and state law by failing to give Plaintiffs and other similarly situated employees of the Defendants sixty (60) days notice as required by State and Federal law.

4.     Plaintiffs and other similarly situated employees also seek recovery of unpaid wages, including but not limited to, overtime wages, severance pay and waiting time penalties in the State of California, as a result of Defendants' failure to provide meal and rest periods and failing to pay employees all wages, including vacation time, overtime wages, and severance pay due and owing at the time of their layoff and/or termination.

## II.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under the WARN Act, 29 U.S.C. § 2101 et seq.

6.     This Court has jurisdiction over Plaintiffs' state law claims under 29 U.S.C. § 1332(d) (the "Class Action Fairness Act"). Plaintiffs bring this case as a class action, at least one Plaintiff is a citizen of a different state than at least one Defendant, and the amount in controversy exceeds $5,000,000.

7.     This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8.     Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391, because PARSEC, INC. resided within this district, and because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

///

- 3 —

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

## III.

## THE PARTIES

### A.    The Plaintiffs

9.    Individual and Representative Plaintiff Harvey Holt is an individual residing in Compton, California (Los Angeles County).

10.    Individual and Representative Plaintiff Doug Henderson is an individual residing in Long Beach, California (Los Angeles County).

11.    Plaintiff Harvey Holt was employed by the Defendants from approximately March 1, 2007, through March 1, 2009, as a Driver at PARSEC'S Hobart location, located in the County of Los Angeles.

12.    Plaintiff Doug Henderson was employed by the Defendants from approximately March 10, 2006, to March 1, 2009, as a Driver and a Ground Man at PARSEC'S Hobart location, located in the County of Los Angeles.

### B.    The Defendants

13.    Plaintiffs are informed and believe, and based thereon allege, that PARSEC, INC. is a foreign corporation organized under the laws of the State of Ohio and is and/or was the employer of the Plaintiffs and Plaintiff's Class during the Class Period.  PARSEC, INC. does business in the State of California as OHIO PARSEC, INC.

14.    Plaintiffs are ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief allege that said Defendants are legally responsible for the occurrences herein alleged, and that the damages of Plaintiffs and the putative class members herein alleged were proximately caused by such Defendants.  Plaintiffs will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

15.    Plaintiffs are informed and believe, and based thereon allege, that each Defendant herein was, at all times relevant to this action, the agent, employee,

-4-

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

representing partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiffs are further informed and believe that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

16.     Plaintiffs are further informed and believe, and based thereon allege, that Defendants herein acted as a "single employer" at all relevant times for the purposes of the WARN Act. At all relevant times, Defendants maintained facilities across the country that qualified for protection under the WARN Act. (Collectively the "Facilities") Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17.     On or about March 1, 2009, PARSEC announced that it would be implementing a layoff. On that day it informed some employees that their final day would be March 1, 2009.

18.     Upon information and belief, on March 1, 2009, and June 6, 2009, Defendants implemented mass layoffs totaling over 600 employees. On March 1, 2009, Defendants confirmed that the laid off employees would not be returned to work.

19.     PARSEC maintains a severance pay policy that applies to most of its California employees. Through that severance pay policy, employees accrue severance pay as they work for PARSEC.

20.     PARSEC'S severance pay policy provides that employees who are terminated will receive a severance payout of all accrued severance on their last day of employment with PARSEC.

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

21.    Starting on or about March 1, 2009, PARSEC ceased paying employees their severance pay at the time of layoff and/or termination.  Upon information and belief, PARSEC has not paid severance pay to employees whose employment ended on or about March 1, 2009.

22.    Plaintiffs Holt and Henderson had severance pay available to them when they were involuntarily laid off on March 1, 2009.  PARSEC has not paid them their severance pay.

### CLASS ALLEGATIONS UNDER 29 U.S.C § 2104 (WARN ACT)

23.    Plaintiffs, and those they seeks to represent herein, were discharged without cause on their part on or about March 1, 2009, or within thirty (30) days of that date, as the reasonable and foreseeable consequence of the mass layoff or plant closing ordered by Defendants, and are "affected employees" within the meaning of 29 U.S.C §2101 (a)(5).

24.    Plaintiffs brings this action on his own behalf, pursuant to the WARN Act, and on behalf of all other similarly situated former employees of Defendants who were terminated or laid off on or about March 1, 2009, or within thirty (30) days of that date, and thereafter worked at one of the facilities until their termination.

25.    During the thirty (30) days starting March 1, 2009, Defendants terminated Plaintiffs' employment as part of a mass layoff and/or plant closing as defined by 29 U.S.C § 2101 (a)(2), (3) for which they were entitled to receive sixty (60) days advance written notice under the WARN Act.

26.    Defendants as an employer, did not give Plaintiffs the statutorily required sixty (60) days notice of the mass layoff or termination in violation of the WARN Act.

27.    Upon information and belief, at or about the time the Plaintiffs were discharged, on or about March 1, 2009, Defendants discharged hundreds of other employees at their facilities (the "other similarly situated former employees").

- 6 -

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

28.    Pursuant to 29 U.S.C. §2104 (a)(5), Plaintiffs maintain this claim on behalf of themselves and each of the other similarly situated former employees.

29.    Each of the other similarly situated former employees are similarly situated to Plaintiffs in respect to his or her rights under the WARN Act, in that *inter alia*:

a.    Plaintiffs and the other similarly situated former employees were discharged by Defendants without cause on their part.

b.    Plaintiffs and the other similarly situated former employees are "affected employee(s)" within the meaning of the WARN Act 29 U.S.C. § 2101(a)(5).

c.    Defendants were required by the WARN Act to give Plaintiffs and other similarly situated former employees at least sixty (60) days advance written notice of their respective layoff and/or terminations.

d.    Prior to their termination, neither Plaintiffs nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act.

e.    Defendants failed to pay Plaintiffs and the other similarly situated former employees their respective wages, salary and accrued severance pay for sixty (60) days following notice of their terminations from and after notice of their respective layoff and/or termination.

## CALIFORNIA WARN ACT ALLEGATIONS

30.    Plaintiffs Holt and Henderson and others similarly situated were employed at Defendants' facilities in California until their employment was ended in violation of Cal. Lab. Code § 1400, et seq., within thirty (30) days of March 1, 2009.

///

-7-

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

31. Plaintiffs Holt and Henderson and others similarly situated were employees of Defendants, and Defendants were their employer, as those terms are defined under Cal. Lab. Code § 1400.

32. Defendants operated facilities in California that were "covered establishment(s)," as that term is defined under Cal. Lab. Code § 1400, because they employed seventy (75) or more persons in certain facilities in the 12 months preceding March 1, 2009.

33. Plaintiffs Holt and Henderson and others similarly situated were subjected to a "mass layoff," "relocation," or "terminations," as those terms are defined under Cal. Lab. Code § 1400, within thirty (30) days of March 1, 2009.

34. Defendants failed to provide Plaintiffs Holt and Henderson and those similarly situated with the proper notice required by Cal. Lab. Code § 1401 prior to the mass layoff, relocation, or termination.

35. Defendants failed to provide Holt and Henderson and those similarly situated with sixty (60) days wages and benefits as required by Cal. Lab. Code § 1402.

## WARN ACT CLASS ALLEGATIONS UNDER RULE 23

36. Plaintiffs sue under Rules 23(a), (b)(1) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Proposed WARN Classes:

**WARN Class:** All employees who worked at or reported to one of Defendants' facilities and were terminated without cause in the thirty (30) days starting March 1, 2009, or were terminated and/or laid off without cause as the reasonable and foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about March 1, 2009, and who are affected employees, within the meaning of 29 U.S.C §2101 (a)(5).

-8-

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

**CA WARN Class:**      All employees who worked at or reported to one of Defendants' qualifying facilities in California and who were subject to a mass layoff, relocation, or termination ordered by Defendants on or after March 1, 2009.

37.    Numerosity: The Proposed Classes are so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that hundreds of people satisfy the definition of the Proposed Classes.

38.    Typicality: The Plaintiffs' claims are typical of the members of the Proposed Classes. Plaintiffs, and proposed class members, were involuntarily laid off and/or terminated by Defendants without proper notice under the WARN Act.

39.    Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, especially in the context of WARN Act litigation, which necessarily involves a single decision or set of decisions that affects the rights of hundreds of employees.

40.    Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed class, and have retained counsel experienced in representing employees in complex class litigation.

41.    Commonality: Common questions of law and fact exist to all members of the proposed class and predominate over any questions solely affecting individual members of the proposed class, including but not limited to:

      a.    Whether Defendants were an employer under the WARN Act and/or the CA WARN Act;

      b.    Whether all class members were protected under the WARN Act and/or the CA WARN Act;

      c.    Whether Defendants gave at least sixty (60) days advance written notice to the class members, as required by the WARN Act and/or the CA WARN Act;

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

        d.     Whether Defendants failed to pay class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

42.    This case is maintainable as a class action under Fed. R. Civ. Proc. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

43.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Litigation of these claims in one forum is efficient, especially in the context of WARN Act litigation, which necessarily involves a single decision or set of decisions that affects the rights of hundreds of employees. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgment about Defendants' practices.

44.    Plaintiffs intend to send notice to all members of the proposed class to the extent required by Rule 23. The names and address of the proposed class are available from Defendants.

## SEVERANCE PAY CLASS ALLEGATIONS UNDER RULE 23

45.    Plaintiffs sue under Rules 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Proposed Severance Pay Class:

**California Severance Pay Class:**    All former employees of Defendants in the State of California whose employment with

- 10 -

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Defendants ended on or after March 1, 2009, through the trial of this case, and who had accrued severance pay but was not paid severance at the time of termination.

46. Additionally and in the alternative, Plaintiffs sue under Cal. Bus. Prof. Code § 17200. et. seq., on behalf of the following group of similarly situated individuals:

**17200:** All employees statewide whose employment with Defendants ended on or after March 1, 2009, through the trial of this case, and who had accrued severance pay but was not paid severance at the time of termination.

47. <u>Numerosity</u>: The proposed classes are so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that hundreds of people satisfy the definition of the proposed classes.

48. <u>Typicality</u>: The Plaintiffs' claims are typical of the members of the proposed classes. Plaintiffs are informed and believe that PARSEC uniformly failed to pay accrued severance to individuals whose employment with PARSEC ended on or after March 1, 2009.

49. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy here, where Defendants has failed to pay wages to hundreds of employees due to Defendants' mass layoffs.

50. <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the proposed class, and have retained counsel experienced in representing employees in complex class litigation.

51. <u>Commonality</u>: Common questions of law and fact exist to all members of the proposed class and predominate over any questions solely affecting individual members of the proposed class, including but not limited to:

- 11 -

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

a. Whether Defendants maintained a policy of providing severance pay to class members;

b. Whether Defendants' severance pay policy required that Defendants pay class members for their accrued severance pay at the time of termination;

c. Whether Defendants uniformly and unlawfully failed to pay vacation time to class members;

d. Whether Plaintiffs and proposed class members who worked in California are entitled to waiting time penalties pursuant to Cal. Lab. Code § 203.

e. Whether Defendants' conduct violated the California Unfair Practices Act, set forth in the Business and Professions Code § 17200. *et. seq.*, by violating state and federal laws set forth herein; and

f. The proper measure of damages sustained by the proposed class.

52. This case is maintainable as a class action under Fed. R. Civ. Proc. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

53. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Litigation of these claims in one forum is

- 12 -

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

efficient, especially in the context of WARN Act litigation, which necessarily involves a single decision or set of decisions that affects the rights of hundreds of employees. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgment about Defendants' practices.

54.     Plaintiffs intend to send notice to all members of the proposed class to the extent required by Rule 23. The names and address of the proposed class are available from Defendants.

## CALIFORNIA LABOR CODE VIOLATIONS
## GENERAL ALLEGATIONS

55.     California Labor Code § 1194 provides that notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of their overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

56.     Further, Business and Professions Code § 17203 provides that any person who engages in unfair competition may be enjoined in any court of competent jurisdiction. Business and Professions Code § 17204 provides that any person who has suffered actual injury and has lost money or property as a result of the unfair competition may bring an action in a court of competent jurisdiction.

57.     During all, or a portion of the Class Period, Plaintiffs and each member of the California Labor Code Violation Class were employed by Defendants and each of them, in the State of California. Plaintiffs and each of the Plaintiff Class members were non-exempt employees covered under one or more Industrial Welfare Commission (IWC) Wage Orders, and Labor Code § 510, and/or other applicable wage orders, regulations and statutes, and each Class member was not subject to an exemption for executive, administrative and professional employees, which imposed obligations on the part of the Defendants

-13-

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

to pay Plaintiffs and the Class members lawful overtime compensations. Plaintiffs and the California Labor Code Violation Class members were covered by one or more Industrial Welfare Commission (IWC) Wage Orders, and Labor Code § 226.7 and other applicable wage orders, regulations and statutes which imposed an obligation on the part of the Defendants to pay Plaintiffs and the California Labor Code Violation Class members rest and meal period compensation.

58.    During the Class Period, Defendant was obligated to pay Plaintiffs and Plaintiff Class members overtime compensation for all hours worked over eight (8) hours of work in one (1) day or forty (40) hours in one (1) week.

59.    During the Class Period, Defendants were obligated to provide Plaintiffs and Plaintiff Class members with a work free meal and/or rest period.

60.    Plaintiffs and each Class member primarily performed non-exempt work in excess of the maximum regular rate hours set by the IWC in the applicable Wage Orders, regulations or statutes, and therefore entitled the Plaintiffs and Plaintiff Class members to overtime compensation at time and a half rate, and when applicable, double time rates as set forth by the applicable Wage Orders, regulations and/or statutes.

61.    Class members who ended their employment during the Class Period, but were not paid the above due overtime compensation timely upon the termination of their employment as required by Labor Code §§ 201-203, and are entitled to penalties as provided by California Labor Code § 203.

62.    During the Class Period, the Defendants and each of them, required the Plaintiffs and Class members to work overtime without lawful compensation, in violation of the various applicable Wage Orders, regulations and statutes, and the Defendants: (1) Willfully failed and refused, and continue to fail and refuse to pay lawful overtime compensation to the Plaintiff Class members; and (2) willfully failed and refused, and continue to fail and refuse to pay due and owing wages

- 14 -

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

promptly upon termination of employment to Plaintiffs and certain Plaintiff Class members.

63.     During the Class Period, the Defendants, and each of them failed and/or refused to schedule Plaintiffs and Plaintiff Class in an overlapping manner so as to reasonably ensure meal and/or rest breaks and/or shift relief for Plaintiffs and Plaintiff Class, thereby causing members of the Plaintiff Class to work without being given paid ten (10) minute rest periods for every four (4) hours or major fraction thereof worked and without being given a thirty (30) minute meal period for shifts of at least five (5) hours and second thirty (30) minute meal periods for shifts of at least ten (10) hours during which Plaintiff Class members were relieved of all duties and free to leave the premises.  Defendants further failed and/or refused to schedule Plaintiffs and Plaintiff Class in an overlapping manner so as to reasonably ensure meal and/or rest breaks were taken within the required statutory time frame as required by law.  Furthermore, Defendants failed and/or refused to pay any Plaintiff Class members one (1) hour's pay at the employees' regular rate of pay as premium compensation for failure to provide rest and/or meal periods or to providing such rest and/or meal periods within the statutory time frame as a result of their scheduling policy.

## CALIFORNIA LABOR CODE VIOLATIONS
## CLASS ALLEGATIONS

64.     Plaintiffs bring this action on behalf of himself and all other similarly situated persons, as a class action pursuant to California Civil Code of Procedure §382 and under Rules 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and all other similarly situated persons in the Class, which is composed of and defined as follows: All of Defendants' "non-exempt hourly positions" including but not limited to Drivers, Ground Men and other related positions employed by Defendants on or after four years prior to the commencement of this action who were not paid the legally requisite overtime rate

- 15 –

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

for all hours worked in excess of eight (8) hours per workday and/or forty (40) hour per workweek, were denied meal and/or rest periods due to Defendants' failure and/or refusal to schedule Plaintiffs in an overlapping fashion so as to reasonably provide shift relief thereby depriving Plaintiffs and Plaintiff Class of the requisite rest and/or meal periods altogether or in the statutorily required time frame, and payments under Labor Code § 226.7 and to whom Defendants failed to pay wages of terminated or resigned employees under Labor Code §§ 201-203.

65.    Plaintiffs reserve the right under Rule 1855(b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

66.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 and under Rules 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

67.    This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 and under Rules 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure because:

(a)    The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b)    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c)    The Class is so numerous that it is impractical to bring all member of the Class before the Court;

(d)    Plaintiffs and the other members of the Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

- 16 -

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

(e)   Plaintiffs and the other members of the Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action; .

(f)   There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendants' actions have inflicted upon the Class;

(g)   There is a community of interest in ensuring that the combined assets and available insurance of the Defendant are sufficient to adequately compensate members of the Class for the injuries sustained;

(h)   Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of:

(1)   Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standard of conduct for the Defendants; and/or

(2)   Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and

(i)   Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## FIRST CLAIM FOR RELIEF

### (Violation of the WARN Act - 29 U.S.C § 2101 et seq.)

68.   Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

- 17 -

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

69.     At all relevant times, the Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

70.     At all relevant times, each of the Defendants were "employers" as that term is defined under 29 U.S.C § 2101(a)(1) and 20 C.F.R § 639(a) and continued to operate as a business until determining to order a mass layoff and/or plant closing at its facilities.

71.     The Defendants constituted a "single employer" of Plaintiffs and WARN class members under the WARN Act.

72.     On or about March, 1, 2009, the Defendants ordered a "mass layoff" and/or plant closing of the facilities, as that term is defined under 29 U.S.C § 2101(a)(2).

73.     The mass layoff and/or plant closing at the facilities resulted in "employment losses," as that terms is defined under 29 U.S.C § 2101(a)(2), fore at least fifty (50) of Defendants' employees as well as 33% of Defendants' workforce at each of the facilities, excluding part-time employees as that term is defined under 29 U.S.C § 2101(a)(8).

74.     Plaintiffs and each of the members of the WARN class were laid off and/or discharged by Defendants without cause on their part, as part of or as the reasonable foreseeable result of the mass layoff and/or plant closing ordered by Defendants at their facilities.

75.     Plaintiffs and the members of the WARN class are "affected employees" of Defendants within the meaning of 29 U.S.C § 2101(a)(5).

76.     Defendants failed to give Plaintiffs and members of the WARN class written notice that complied with the requirements of the WARN Act.

77.     Plaintiffs and each of the members of the WARN class are "aggrieved employees" of Defendants as that term is defined under 29 U.S.C § 2104(a)(7).

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

78. Defendants failed to pay Plaintiffs and members of the WARN class their respective wages, salary and accrued severance pay for the sixty (60) days following notice of their layoff and/or termination. Defendants are also liable to Plaintiffs for their reasonable attorneys fees under 29 U.S.C § 2104.

## SECOND CLAIM FOR RELIEF

### (Violation of California WARN Act-Cal. Lab. Code §1400 et. seq.)

79. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

80. In the twelve (12) months proceeding March 1, 2009, Defendants operated facilities in California in which they employed seventy five (75) or more persons.

81. Defendants' actions, as described above and as they occurred at Defendants' qualifying facilities in California constituted a "mass layoff," "relocation," or "termination," without proper notice, in violations of the California WARN Act, Cal. Lab. Code § 1400 et seq.

82. Defendants are therefore liable to Plaintiffs Holt and Henderson and the California WARN class for back pay and benefits for sixty (60) days, as outlined in Cal. Lab. Code § 1402, as well as attorneys' fees under Cal. Lab. Code § 1404.

## THIRD CLAIM FOR RELIEF

### (Failure to Provide Meal Periods – Cal. Labor Code §§ 226.7 and 512)

83. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

84. Labor Code §§ 226.7 and 512, provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes or employ any person for a work period of more than ten (10) hours without a second meal period of not less than thirty (30) minutes.

- 19 –

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

85.    Labor Code §§ 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section.

86.    Defendants failed to schedule Plaintiffs and similarly situated persons in an overlapping manner so as to reasonably ensure Plaintiffs and the Plaintiff Class could take and/or receive such meal periods within the statutory timeframe. As a result, Plaintiffs and Plaintiff Class members were often forced to forego a meal period and/or work during their meal period.  In so doing, Defendants have intentionally and improperly denied meal periods to the Plaintiffs and Plaintiff Class in violation of Labor Code §§226.7 and 512 and other regulations and statutes.

87.    At all times relevant hereto, Plaintiffs and Plaintiff Class members have worked more than five (5) hours in a workday.

88.    At varying times relevant hereto, Plaintiffs and Plaintiff Class members at times have worked more than ten (10) hours in a workday.

89.    At all times relevant hereto, the Defendants, and each of them, failed to schedule Plaintiffs and similarly situated persons in a manner so as to reasonably provide meal and/or work free meal period as required by Labor Code §§ 226.7 and 512.

90.    By virtue of the Defendants' failure to schedule Plaintiffs and Plaintiff Class members in such a way as to provide a meal period, and/or work free meal period to the Plaintiffs and Plaintiff Class thereby causing Plaintiffs and Plaintiff Class to suffer, and will continue to suffer, damages in the amounts which are presently unknown, but will be ascertained according to proof at trial.

91.    Plaintiffs individually, and on behalf of the Plaintiff Class, requests recovery of meal period compensation pursuant to Labor Code §226.7 which they are owed beginning four (4) years prior to filing this complaint as well as the

-20-

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

92.     Further, Plaintiffs and the Plaintiff Class are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code § 218.5.

## FOURTH CLAIM FOR RELIEF

### (Failure to Provide Rest Periods – Cal. Labor Code §§ 226.7 and 512)

93.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

94.     Labor Code §226.7 provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours.

95.     Labor Code §226.7(b) provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided.

96.     Defendants failed and or refused to implement a relief system by which Plaintiffs and Plaintiff Class members could receive rest breaks and/or work free rest breaks.  Furthermore, due to Defendants' relief system, Plaintiffs and Plaintiff Class members did not receive their rest breaks within the required statutory time frame.  By and through their actions, Defendants intentionally and improperly denied rest periods to the Plaintiffs and Plaintiff Class in violation of Labor Code §§226.7 and 512.

97.     At all times relevant hereto, the Plaintiffs and Plaintiff Class, have worked more than four (4) hours in a workday.

98.     By virtue of the Defendants' unlawful failure to provide rest periods to Plaintiffs and Plaintiff Class as a result of their scheduling and shift relief system, Plaintiffs and Plaintiff Class have suffered, and will continue to suffer, damages, in

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

amounts which are presently unknown, but will be ascertained according to proof at trial.

99. Plaintiffs, individually, and on behalf of employees similarly situated, request recovery of rest period compensation pursuant to Labor Code §226.7, which they are owed beginning four (4) years prior to filing this complaint as well as the assessment of any statutory penalties against the Defendants, in a sum as provided by the Labor Code and/or any other statute. Further, the Plaintiffs and Plaintiff Class are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§218.5 and 1194.

## FIFTH CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages – Cal. Labor Code § 1194)

100. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

101. Defendants failed to schedule Plaintiffs and similarly situated persons in an overlapping manner so as to reasonably ensure Plaintiffs and the California Labor Code Violation Class could take and/or receive such meal periods within the statutory timeframe. As a result, Plaintiffs and Plaintiff Class often worked over eight (8) hours in a day and forty (40) hours in a week. Defendants also failed to pay Plaintiffs and Plaintiff Class members overtime premium for hours worked in excess of over eight (8) hours per day and forty (40) hours per week for work performed for the Defendants as a result of being forced to forego and/or work during their meal period due to Defendants' failure to schedule Plaintiffs and Plaintiff Class in an overlapping manner to so as to reasonably ensure Plaintiffs and Plaintiff Class relief. Furthermore, Defendants failed to schedule Plaintiffs and Plaintiff Class members in such a manner that allowed Plaintiffs and Plaintiff Class members to be relieved of their shift immediately, thereby causing Plaintiffs and Plaintiff Class members to work in excess of eight (8) hours per day and/or forty (40) hours per week. As such Plaintiffs and Plaintiff Class seek overtime in

- 22 -

an amount according to proof. Pursuant to Labor Code § 1194, the Class members seek the payment of all overtime compensation which they earned and accrued four (4) years prior to filing this complaint, according to proof.

102. Additionally, Plaintiffs and Plaintiff Class members are entitled to attorneys fees, costs, pursuant to California Labor Code § 1194 and prejudgment interest.

## SIXTH CLAIM FOR RELIEF

### (Failure to Keep Accurate Payroll Records – Cal. Labor Code § 1174)

103. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

104. Labor Code §1174(d), requires an employer to keep at a central location in California or at the plant or establishment at which the employees are employed, payroll records showing the hours worked daily, and the wages paid to each employee. Plaintiffs are informed and believe that Defendant willfully failed to make or keep accurate records for Plaintiffs and Class members.

105. IWC Wage Order No.1-2001, paragraph 7(a) requires that every employer shall keep accurate information with respect to each employee, including time records showing when each employee begins and ends each work period, the total daily hours worked by each employee and the total hours worked in each payroll period, and applicable rates of pay. Plaintiffs are informed and believe that Defendant willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiffs and Class members. Specifically, Plaintiffs believe that Defendants' records do not accurately reflect where Plaintiffs and Plaintiff Class members worked during their meal and/or rest breaks due to Defendants' failure to schedule Plaintiffs and Plaintiff Class members in an overlapping manner so as to provide them with a meal and/or rest break.

106. Plaintiffs are informed and believe that Defendants' failure to keep accurate payroll records, as described above, violated Labor Code § 1174(d) and

- 23 –

the applicable wage order.  Plaintiffs and the Class members are entitled to penalties of $100.00 for the initial violation and $200.00 for each subsequent violation for every pay period during which these records and information were not kept by Defendant.

107.   Plaintiffs are informed and believe that Defendants' failure to keep and maintain accurate records and information, as described above, was willful, and Plaintiffs and the Plaintiff Class are entitled to a statutory penalty of $500.00 for Plaintiffs and each Class member pursuant to Labor Code § 1174.5

108.   Plaintiff Harvey Holt has complied with the reporting requirements under Labor Code §2698-2699 of the Labor Code Private Attorney's General Act, individually and on behalf of all aggrieved employees.  Plaintiffs and Plaintiff Class members request and are entitled to recover from Defendants penalties for failure to keep accurate payroll records, interest, attorney's fees and costs pursuant to Labor Code §1174, as well as all statutory penalties and attorneys fees against Defendants.

## SEVENTH CLAIM FOR RELIEF

### (Breach of Contract as To California Severance Pay)

109.   Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

110.   A contract, oral and written, express and implied, existed between members of the California severance pay class, including Plaintiffs Holt and Henderson.

111.   By that contract, Defendants were required to pay employees all accrued severance pay at the termination of employment.

112.   Defendants violated that contract by failing to pay severance pay to Plaintiffs Holt and Henderson and members of the California severance pay class.

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

113.   As a result of the Defendants' breach of contract, Plaintiffs Holt and Henderson and the California severance pay class members have suffered damages in the amount of their accrued but unpaid severance pay, to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

### (Promissory Estoppel as To California Severance Pay)

114.   Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

115.   Through its policy to pay accrued severance at the time of an employees termination, PARSEC, promised that said accrued severance would be paid upon an employee's termination.

116.   Defendants breached this promise when it refused to pay accrued severance to the hundreds of employees it terminated on March 1, 2009.

117.   Defendants reasonably expected to induce Plaintiffs and the California Severance Pay Class Members, and did induce Plaintiffs and the California Severance Pay Class Members, to rely on promises relating to the payment of accrued severance pay.

118.   Plaintiffs and the California Severance Pay Class Members reasonably relied to their detriment on promises and representations made to them by Defendants relating to the payment of accrued severance pay.  Prior to March 1, 2009, Defendants had not given Plaintiffs and the California Severance Pay Class Members any warning or indication that the accrued severance would not be paid upon an employee's termination.

119.   In relying on PARSEC'S promise to pay accrued severance at the time of termination, Plaintiffs and the California Severance Pay Class Members did not make sufficient financial preparations to cope financially with a sudden and immediate termination.

///

///

- 25 -

120. As a result, Plaintiffs and the California Severance Pay Class Members are entitled to an award of equity in the amount of their accrued severance, to be determined at trial.

## NINETH CLAIM FOR RELIEF

### (Waiting Time Penalties Under Cal. Lab. Code §§ 201, 202, and 203)

121. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

122. California WARN class and California Severance Pay class members have been terminated from their positions with Defendants. Defendants, however, willfully failed to pay such class members all wages owed them, including severance pay within the time limits set forth in California Lab. Code §§ 201, and 202.

123. Under California Lab. Code §§ 201, 202 and 203, class members are entitled to waiting time penalties for Defendants' willful failure to timely pay all wages owed upon separation of their employment.

## TENTH CLAIM FOR RELIEF

### (Unfair Practices Under California Unfair Competition Act)

124. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

125. Section 17200 of the California Business and Professions Code-California's Unfair Competition law, prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business practices in violation of section 17200, *et seq.*

126. Pursuant to Bus. & Prof. Code § 17200 *et seq.*, Plaintiffs and 17200 class members are entitled to restitution of the severance pay and other unpaid wages and premiums alleged herein that Defendants have improperly withheld, a permanent injunction requiring Defendants to pay severance pay to all workers as

-26-

defined herein, an award of attorneys' fees pursuant to Code of Civ. Proc. § 1021.5 and other applicable law, and costs.

## ELEVENTH CLAIM FOR RELIEF

**(Violation of the California Labor Code Private Attorney's General Act – Cal. Labor Code § 2698-2699)**

127.   Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

128.   Cal. Labor Code §2698-2699 The Labor Code Private Attorney's General Act of 2004 provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards agencies or employees for a violation of the Cal. Labor Code, may be recovered through a civil action by an aggrieved employee on behalf of himself or herself, and collectively on behalf of all other current or former employees.

129.   Whenever the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards agencies or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions to assess a civil penalty.

130.   Plaintiffs, and all non-exempt employees of Defendants are "aggrieved employees" as defined by Labor Code §2699 in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

131.   Prior to filing this First Amended Complaint, Plaintiff Holt gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and to PARSEC of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violations as required by Labor Code §2699.3.

- 27 –

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

132. The LWDA notified Plaintiffs that it did not intend to investigate the alleged violations. (Attached hereto as Exhibit "A" is a true and correct copy of the LDWA letter dated January 12, 2011)

133. Pursuant to Labor Code §2699.3, notwithstanding any other provision of law, Plaintiffs may as a matter of right amend the existing complaint to add a cause of action under Labor Code §2699 at any time within 60 days of notification by the LWDA that it did not intend to investigate the alleged violations contained in Plaintiff's Labor Code §2699 notice.

134. Plaintiffs received notice from the LWDA that it did not intend to investigate the alleged violations contained in Plaintiff's Labor Code §2699 notice less than 60 days after the Complaint was filed and Plaintiffs and the Class files this First Amended Complaint containing a cause of action under Labor Code §2699 within 60 days of receiving notice from the LWDA of its intent not to investigate as a matter of right.

135. Plaintiffs assert all of the claims in this First Amended Complaint against Defendants, individually and on behalf of all aggrieved employees, in their capacity as private attorneys general, and seek all statutory penalties available under the Labor Code.

136. Pursuant to Labor Code §2699 Plaintiffs, individually and on behalf of all aggrieved employees, request and are entitled to recover from Defendants; unpaid wages, overtime compensation, rest and meal period compensation and penalties, waiting period wages and penalties according to proof, penalties for failure to keep accurate payroll records, interest, attorney's fees and costs pursuant to Labor Code §§218.5 and 1194(a), and Labor Code §1174, as well as all statutory penalties and attorneys fees against Defendants, and each of them, including but not limited to:

///

///

- 28 -

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

(a.) Penalties under Labor Code §2699 in the amount of $100 for each aggrieved employee per pay period for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

(b.) Penalties under Code of Regulations Title 8 §11070 in the amount of $50 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

(c.) Penalties under Labor Code §210 in addition to and entirely independent and apart from, any other penalty provided in the Labor Code in the amount of $100 for each aggrieved employee per pay period for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, plus 25% of the wage wrongly withheld;

(d.) Any and all additional penalties and sums as provided by the Cal. Labor Code and/or other statutes.

137. In addition thereto, Plaintiffs seeks and are entitled to 50% of all penalties obtained under Labor Code §2699 to be allocated to the General Fund, and 25% of all penalties obtained to be allocated to the Labor and Workforce Development Agency, for education of employers and employees about their rights and responsibilities under the Labor Code and 25% to all aggrieved employees.

138. Further, Plaintiffs are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §2699, 218.5, 1174, 1194, 210 and 212 and any other applicable statute.

## PRAYER FOR RELIEF

139. WHEREFORE, Plaintiffs on behalf of himself and all members of the proposed class, pray for relief as follows:

    A. That the Court determines this action may be maintained as a class action under Federal Rule of Civil Procedure 23 and California Code of Civil Procedure § 382

-29-

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

B.     That Defendants are found to have violated the provisions of WARN Act as to the Plaintiffs and the Class;

C.     That Defendants are found to have violated the provisions of the California WARN Act as to Plaintiffs and the class;

D.     That Defendants are found to have breached a contract with the California class severance pay members by failing to pay severance pay at the time of termination;

E.     For an award of damages, or in equity, in the amount of unpaid severance owed to members of the California class;

F.     That Defendants are found to have violated §§ 201, 202, and 203 of the California Labor Code for willful failure to pay all compensation owed at the time of separation to Plaintiffs and the class;

G.     An award to Plaintiffs and the class for the amount of all unpaid wages and compensation owed, including interest thereon, and penalties subject to proof at trial;

H.     That Defendants be ordered and enjoined to pay restitution to Plaintiffs and the 17200 class due to Defendants' unlawful activities, pursuant to California Business and Professions Code § 17200;

I.     That Defendants further be enjoined to cease and desist from unlawful activities in violation of California Business and Professions Code § 17200;

J.     An award of reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, Cal. Lab. Code § 1404, 29 U.S.C. § 2104, and/or any other applicable law;

K.     For leave to amend this complaint to add additional state law claims, should it be necessary;

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

L.    For interest on any compensatory damages; and

M.    For statutory penalties and attorneys fees.

N.    For meal period compensation; and

O.    For rest period compensation; and

P.    Restitution; and

Q.    For such other further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

140.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment of the United States Constitution, Plaintiffs as individuals and on behalf of all others similarly situated, demand a trial by jury.

Dated: February 22, 2011

ROSE KLEIN & MARIAS, LLP

By:    _____

KEVIN P. SMITH, ESQ.
Attorney for Plaintiffs HARVEY
HOLT and DOUG HENDERSON on
behalf of themselves and all
employees similarly situated

- 31 -

EXHIBIT A

EXHIBIT A



Governor
Arnold
Schwarzenegger

Secretary
Victoria L Bradshaw

Agricultural
Labor
Relations
Board

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

# Labor & Workforce Development Agency

January 12, 2011                                    CERTIFIED MAIL

Mahoney & Burrows
249 East Ocean Blvd., Suite 814
Long Beach, CA  90802

RE: Employer:      PARSEC, Inc.
RE: Employee(s):  Harvey Holy
RE: LWDA  No:    7345

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked December 8, 2010, and after review,
does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "…civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code." Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

Doug Hoffner
Undersecretary

Cc:   PARSEC, Inc.
       4940 Sheila Street
       Los Angeles, CA 90040

801 K Street, Suite 2101 * Sacramento, California 95814 * www.labwf.ca.gov
(916) 327-9064 * Fax (916) 327-9158